ANNIE MEHMEN et al., appellants, v. BERTHA KAPPEL, appellee.

No. 47833.

(Reported in 47 N.W.2d 832)

Carroll H. Wild, of Allison, and F. J. McGreevy, of Ackley, for appellants.

Uhlenhopp & Uhlenhopp, of Hampton, for appellees.

THOMPSON, J.—This is a companion case to No. 47832, In re Guardianship of Kappel, 242 Iowa 1021, 47 N.W.2d 825. Plaintiffs are daughters of the defendant Bertha Kappel. On June 14, 1950, they filed their petition in the district court of Butler County, Iowa, alleging that their mother, the defendant, was then seventy-six years of age; "that because of her age her mental condition has deteriorated and she is now unable to manage her property and business affairs and is unable to care for her person; that said defendant does not know or recognize her own children and does not receive proper care in the home in which she now lives."

Answer was filed by the defendant, and on July 15, 1950, she applied to one of the judges of the Twelfth Judicial District for appointment of a guardian under section 670.5, Code of 1950. The appointment was made on the same day, and on July 18, 1950, she filed an amendment to her answer in the action brought by plaintiffs, alleging the appointment of the guardian as a complete defense. On July 27, 1950, plaintiffs filed a reply to the answer as amended, pleading for the first time that the defendant was a lunatic; and alleging her inability to understand the meaning of the application under which her guardian was appointed. Substantially the same allegation was made a part of the petition by an amendment filed on August 10, 1950.

Defendant moved to dismiss the petition and amendment thereto, alleging, in substance, that a guardian had been appointed; that there was therefore no need for the appointment of. another guardian, that there was no showing that the appointment of the guardian was not for the best interests of defendant, and that there was no showing that the guardian was not a fit and proper and competent person to be such guardian. This motion was sustained by the trial court and plaintiffs' petition was dismissed. Hence this appeal.

The legal issues involved are identical with those discussed and decided in Cause No. 47832, and plaintiffs do not contend otherwise. In their brief and argument they concede that "the error in this case hinges and is dependent upon the propriety of the trial court's ruling in the previous case. * * * If the preceding case is reversed, then this case should be reversed, if the former is affirmed, then this case should be affirmed. The preceding case is No. 47832 in this court."

We agree with this commendably frank and fair statement of counsel. Having affirmed Cause No. 47832 we must of course follow that decision here.—Affirmed.

WENNERSTRUM, C.J., and SMITH, OLIVER, GARFIELD, and MULRONEY, JJ., concur.

HAYS, J., dissents.

HAYS, J. (dissenting)—I respectfully dissent from the majority opinions filed in case No. 47832, In re Guardianship of Kappel, 242 Iowa 1021, 47 N.W.2d 825, and No. 47833 (this case). In my comments I shall more specifically deal with No. 47833.

The single question presented on this appeal is, in my opinion, one of jurisdiction based upon the question of comity between courts of co-ordinate or concurrent jurisdiction. The majority opinion recognizes the existence thereof when it states: "Plaintiffs assign but one error * * *. It is their contention that they should have been permitted to proceed with their then pending action in which * * * they sought to show the mental unsoundness of * * * Bertha Kappel." The above statement appears in Case No 47832, but, as will be noted, the opinion therein is applicable to Case No. 47833.

The basis for the opinion is stated as follows:

"Unless we are to overrule the definite and well-considered holding of this court in Anderson v. Schwitzer, 236 Iowa 765, 20 N.W.2d 67, and much of the pronouncement and reasoning of Neidermyer v. Neidermyer, 237 Iowa 685, 22 N.W.2d 346, we must agree with the ruling of the trial court. We feel that the holdings in these cases are sound, that they have become understood as the proper interpretation of the law of the state, and that there is no reason, either in logic or practice, why they should be changed."

Be that as it may, we are not called upon, in this appeal, to either reaffirm or overrule either of these decisions. They are not applicable to the instant case on their facts or the law there announced.

Anderson v. Schwitzer, supra, simply holds that an order appointing a guardian under section 670.5, Code of 1950, may not be collaterally attacked. What are the facts of that case? *In 1941* a guardian was appointed under section 670.5. *In 1944* a petition was filed alleging that in 1941 the applicant was a lunatic; that under the statute the court was without authority to make the appointment and asked that one be made under the authority of section 670.2. It will be noted that not for more than three years after the appointment was made under section 670.5 was any other action pertaining to the appointment of a guardian commenced. The case is in no respect analogous to the one at bar nor determinative of the question here to be decided.

Neidermyer v. Neidermyer, supra, is an appeal from an order appointing a temporary guardian and refusing to appoint a guardian under section 670.5. The facts in the case are as follows: A petition was filed under section 670.2, alleging unsound mind and asking for the appointment of a temporary and a permanent guardian. An application was then filed, under section 670.5, asking for the appointment of a guardian. This application together with a denial of mental unsoundness was filed in resistance to the petition under section 670.2. There was a hearing, as provided by section 670.9, in which the question of the mental condition of the defendant was fully presented. The court refused to

appoint a guardian under the application under section 670.5 because of the pending action under section 670.2, but did appoint a temporary guardian because of the physical infirmities of the defendant. In reversing the trial court and holding that there should have been an appointment under section 670.5, this court said at page 688 of 237 Iowa, page 348 of 22 N.W.2d: .

"Even if it [section 670.5] intended to exclude from the operation of the section everyone of unsound mind, the court under this record must have found this defendant entitled to its benefits. We think it apparent such would have been the decision if the voluntary proceedings had not been pending."

It will be observed that application was filed, but no appointment was made. It was offered as a defense in the action pending under section 670.2. There was a complete investigation of the mental condition, and, as above stated, a finding that she was not mentally incompetent. At page 687, we said: "We think the practical result was the same as if a formal consolidation of the two proceedings had been made." It is thus apparent that the ·case is not in point.

Briefly, as to the facts in the instant case: *June 14, 1950*, a petition was filed under section 670.2. Personal service of notice thereof was made on Bertha Kappel on the same date. It was a pending action. Rule 48, Rules of Civil Procedure. *July 15, 1950*, Bertha Kappel made application under section 670.5 and on the same date an appointment was made by one of the judges of the district in which the other action was then pending, in chambers at a place some distance removed from the county in which she resided. The record does not show whether the judge was advised of the pending action at that time. This appointment was then pleaded as a defense in the original action. There was a reply alleging the appointment to be void and asserting the fact of the prior action. A motion to strike the reply, and a motion to dismiss the petition were both sustained and this appeal taken.

The majority opinion states:

"There is no question of jurisdiction involved. The record is not clear that plaintiffs' action was brought at law; but, assuming that it was, while the appointment of the guardian was made in

probate, the fact remains that the district court embraces and includes all branches."

This is of course correct. The district court is a court of general jurisdiction and has jurisdiction of the subject matter under sections 670.2 and 670.5, as a matter of statute. As to whether the action be termed to be at law or in equity or probate is immaterial here, as that refers merely to the forum, not the jurisdiction. Sections 611.7 to 611.12, inclusive.

It is a universal rule of law, not statutory but one of comity between courts, that a court which takes cognizance of an action over which it has jurisdiction and power to afford complete relief has the exclusive right to dispose of the controversy without interference from other courts of co-ordinate or concurrent jurisdiction in which similar actions are subsequently instituted seeking similar remedies and involving the same issues. 21 C. J. S., Courts, section 492; 14 Am. Jur., Courts, sections 170 and 243; First M. E. Church v. Hull, 225 Iowa 306, 313, 280 N.W. 531, 534; Peff v. Doolittle, 235 Iowa 443, 15 N.W.2d 913; Jennings v. Schmitz, 237 Iowa 580, 20 N.W.2d 897. In First M. E. Church v. Hull, which involved a question of jurisdiction as between a court of equity and a court of probate, we said:

"It is the general rule of law that where a court of competent jurisdiction acquires jurisdiction of the subject matter of a case, its authority continues and no court of co-ordinate authority is at liberty to interfere with its action."

This must be true if our courts are to avoid continuous confusion and turmoil, and are to function in an orderly manner.

The majority opinion states that the duties of a guardian and his responsibilities are the same whether he be appointed under section 670.2 or section 670.5, and hence nothing is to be gained by a hearing under section 670.2, there already being a guardian. If we are to overlook the question as to whether or not the court making the appointment had authority to do so and shut our eyes to the evident fact that, under the recognized rule of comity above-stated the court did not have such authority, it would make no difference.

While it is true the action for the appointment of a guardian

is not generally considered to be an adversary action, and the real question in the trial thereof is—what is for the best interest of the party for whom a guardian is requested—that question would be fully considered on the trial under section 670.2 and the rule of comity would still be retained. The issue before us contains much more than the mere question of whether or not a guardian should be appointed and under what method of procedure. It is whether or not we are going to continue to recognize the rule of comity, and conduct our courts in an orderly manner, or whether that rule is to be abandoned with the resulting turmoil and confusion.

As before stated, the record does not show whether or not at the time that the appointment was made the judge knew of the pending action. However, at the time that the motions were submitted, from which this appeal was taken, and they were submitted to the judge who made the appointment, the fact was fully presented.

I would reverse the trial court's orders and remand the cause for trial under the action brought in accordance with the provisions of section 670.2.