1070

HENRY BOHROFEN et al., plaintiffs-appellants, v. DALLAS CENTER INDEPENDENT SCHOOL DISTRICT et al., appellees, and INDEPENDENT SCHOOL DISTRICT OF GRANGER et al., defendants-appellants.

No. 47881.

(Reported in 49 N.W.2d 514)

OCTOBER 16, 1951.

George J. Dugan, of Perry, for defendants-appellants.

B. J. Powers, of Des Moines, for plaintiffs-appellants.

George H. Sackett, of Perry, and Guy H. Hall, of Dallas Center, for appellees.

WENNERSTRUM, J.—This appeal has developed by reason of an action for a declaratory judgment wherein the determination of the validity of the enlargement of a school district by consolidation as the result of an election is sought. Certain territory is claimed by two independent school districts. The Dallas Center Independent School District claimed the territory by reason of a petition for an election as provided by law and a subsequent election wherein there was an affirmative vote of the electors which authorized the incorporation of the disputed territory into the Dallas Center Independent School District. There was separate balloting within the Dallas Center district and in the territory sought to be added to that district (section 274.24, 1946 Code). The vote was favorable in both voting districts. The Granger Independent School District claimed it was entitled to the territory which is involved in this appeal by reason of concurrent resolutions passed by that board and the Grant Township Subschool District. The trial court held that the territory in dispute became a part of and belonged to the Dallas Center Independent School District by reason of the election. The plaintiffs, who are residents of the area involved in this appeal, as well as the Independent School District of Granger, acting through its school board, have appealed.

The facts involved in this appeal are not in dispute and will be hereinafter set out in detail. The appeal involves the manner in which two sections of the Code were made use of in connection with the disputed territory.

Section 274.16, 1946 Code, is as follows:

"Boundary lines changed — consolidation. The boundary lines of contiguous school corporations may be changed by the

concurrent action of the respective boards of directors at their regular meetings in July, or at special meetings thereafter, called for that purpose. The corporation from which territory is detached shall, after the change, contain not less than four government sections of land, and its boundary lines must conform to the lines of congressional divisions of land. In the same manner, the boundary lines of contiguous school corporations may be so changed that one corporation shall be included in and consolidated with the other as a single corporation."

Section 274.23, 1946 Code, is as follows:

"Formation of independent district. Upon the written petition of any ten voters of a city, town, or village of over one hundred residents, to the board of the school corporation in which the portion of the city or town having the largest number of voters is situated, such board shall establish the boundaries of a proposed independent district, including therein all of the city, town, or village, and also such contiguous territory as is authorized by a written petition of a majority of the resident electors of the contiguous territory proposed to be included in said district, in subdivisions not smaller than the smallest tract as made by the government survey in the same or any adjoining school corporations, as may best subserve the convenience of the people for school purposes, and shall give the same notices of an election as required in other cases."

Prior to April 1, 1947, a petition was circulated in the Dallas Center Independent School District for the purpose of extending the limits of the territory of that district. The territory which composed the extended district included the Grant Township Subschool District and also other territory which is not involved in this appeal. A petition was also circulated in the territory outside of the Independent School District of Dallas Center and in the area which was proposed to be included in the enlarged Dallas Center district.

The respective petitions were filed with the Dallas Center Independent School District which called for an election to be held on April 12, 1947, to pass upon the question pertaining to the enlarging of the district.

The school board of the Grant Township Subschool District met on April 7, 1947, at which time it considered what action should be taken with reference to the disposition of the schoolhouses in that district. On April 8, 1947, the board held another meeting. At this meeting there was passed a resolution which incorporated the territory of the Grant Township Subschool District into the territory of the Granger Independent School District. On that same day the board of this last referred to district passed a similar resolution taking into its territory the land which comprised the Grant Township Subschool District. On April 12, 1947, the voters within the territory of the Dallas Center Independent School District voted favorably to the extension of their district. On this same date the voters in the territory sought to be included in the enlarged district also voted favorably to this extension. There is no evidence in the record relative to how the voters in the Grant Township Subschool District voted, as there was no separate ballot for that particular district. However, it is stated in argument and not denied that there were apparently more pupils from the Grant Township Subschool District attending the Granger school than there were pupils from that district attending the Dallas Center school. No question is raised by the appellants relative to the election itself, the manner in which it was called, or the result of it. However, it is their contention that the concurrent resolutions of the two school boards, the Independent School District of Granger and the Grant Township Subschool District, prevented the taking effect of any action of the voters by reason of the election on April 12, 1947.

■ I. As disclosed by the quoted statutes, two statutory procedures are provided for the incorporation of contiguous districts into a new and enlarged school district. This court in several cases has held that section 274.16, Code 1946, is one of the statutory means by which contiguous school districts may be consolidated. However, we have held that this is not the exclusive procedure. Peterson v. Independent Sch. Dist., 227 Iowa 110, 114, 287 N.W. 275; DeShaw v. South Fork Township Sch. Dist., 231 Iowa 27, 31, 32, 300 N.W. 650; Chambers v. Housel, 211 Iowa 314, 317, 233 N.W. 502.

■ II. Inasmuch as two statutory procedures are available for the enlargement of a school district, there must be a determi-

nation which of them takes precedence when an election has initially been called. In the case of School Corporation of Township of Richland v. Independent Sch. Dist., 162 Iowa 257, 259, 260, 144 N.W. 20, 22, this court, in dealing with a question relative to the procedure followed in the enlargement of a school district by the election method, held that the school board to which was first presented a petition for the enlargement of that district obtained jurisdiction of that matter. It was therein stated: "The veto power still remained with the voters of the contiguous territory."

In Smith v. Blairsburg Independent Sch. Dist., 179 Iowa 500, 159 N.W. 1027, this court again held that the filing of a petition for the enlargement of the school district conferred jurisdiction. See also State ex rel. Ondler v. Rowe, 187 Iowa 1116, 1121, 1128, 175 N.W. 32.

A further case that bears upon the question of initial jurisdiction is that of Independent District of Sheldon v. Board of Supervisors, 51 Iowa 658, 660, 2 N.W. 590, 591. In that case the question involved the right of the board of supervisors to refuse to make a levy for the amount certified by the Sheldon district and to levy the amount certified by the Independent District of Grant. There was an election held on January 30, 1877, for the formation of the Sheldon district. Proceedings to incorporate the district of Grant were held on February 15, 1877, and the board of directors of that district was elected on the second Monday of March, 1877. In the last cited case it was stated:

"By the proceedings taken by the plaintiff it had obtained jurisdiction over the disputed territory before any steps were taken to organize Grant. The right to complete its organization, as provided by law, followed. It could not be ousted of its jurisdiction over the disputed territory by anything done subsequent to the commencement of the proceedings to organize the plaintiff, unless the attempted organization was abandoned, or was not completed within the time required by law."

A case that is almost identical from a factual standpoint to the instant case is that of Independent Sch. Dist. of Switzer v. Gwinn, 178 Iowa 145, 155, 159 N.W. 687, 690. It is therein disclosed that subsequent to the filing of a petition for the enlarge-

ment of a school district and prior to an election relative to this issue the school boards of the Switzer and Swan districts transferred by concurrent resolution certain land in the Switzer district. Upon the holding of the election the proposition was favorably voted upon. In this case it was held that the joint action of the Switzer and Swan boards did not take from the Hartford board the jurisdiction to proceed with and complete the organization of the consolidated district. It was therein stated:

"* * * the land in question was not a part of the plaintiff district, and did not become a part of the plaintiff district, if it ever did, until within three days before the election was held. We are inclined to hold that the action of the joint boards in transferring this territory to the plaintiff district did not oust the proposed consolidated district of its jurisdiction to proceed to the final consummation of the consolidated district, and include the territory in question within its boundaries. As said by the trial court, in disposing of this question:

" 'If such action can defeat the formation of a consolidated independent district, designing adjoining school boards could prevent the formation of any consolidated independent district.' "

It is our conclusion that the Independent School District of Dallas Center obtained initial jurisdiction in connection with the formation of the enlarged district and that under the circumstances there was no authority by which the Independent School District of Granger and the Grant Township Subschool District could, by concurrent resolution, affect the proceedings which had been earlier initiated.

Inasmuch as our comments heretofore made are determinative of this case, we find no necessity for considering further questions presented to and passed on by the trial court. In fact, we have decided adversely to their contention the one issue which the appellants state is involved in this appeal. We, therefore, affirm. —Affirmed.

All JUSTICES concur.