STATE EX REL. HARVEY HARBERTS et al., appellants, v. KLEMME COMMUNITY SCHOOL DISTRICT (Hancock County) et al., appellees.

No. 48771.

(Reported in 72 N.W.2d 512)

OCTOBER 18, 1955.

Smith & Hanson, of Emmetsburg, for appellants.

Senneff & Buck, of Britt, and G. W. Templeton, of Garner, for appellees.

LARSON, J.—This is an appeal from the dismissal by the trial court of plaintiffs' petition in quo warranto brought to test the legality of the organization of the Klemme Community School District in Hancock County, Iowa. It is the second appeal brought to this court under the most recent enactment of the Iowa Legislature. By adopting the provisions of H. F. 229, Acts of the Fifty-fifth General Assembly, now chapter 275, Code of Iowa, 1954, the legislature has attempted to incorporate into one chapter of the Code the necessary procedures for changing existing school district boundaries. See Liberty Consolidated School Dist. v. Schindler, 246 Iowa 1060, 70 N.W.2d 544. Acting thereunder, a petition was duly filed October 3, 1953, seeking the for-

mation of the Belmond Community School District, which proposed district included lands in Wright and Hancock Counties. On October 30, 1953, there was also filed with the Hancock County Board of Education a petition seeking the formation of the Klemme Community School District incorporating only Hancock County land, but including within the proposed boundaries some of the territory included in the prior Belmond Community School District proposal. The Belmond Community School District proceeded with its organization as follows: first notice published October 8, 1953; first hearing October 19, 1953; adjourned hearing November 9, 1953; publication of notice of election December 3, 1953; date of election December 14, 1953; publication of notice of election of directors March 1, 1954; and election of directors March 15, 1954. No question is raised as to the legality of that school corporation.

The Klemme Community School District proceeded as follows: first published notices November 18 and 25, 1953; first hearing December 7, 1953; adjourned hearing January 4, 1954, notice of which was given by due publication December 16, 1953. On January 7, 1954, the county superintendent fixed the 8th day of February, 1954, as the date of the special election on whether to form the new district, and this notice was duly published on January 27, 1954. At the election February 8, 1954, the proposal carried pronouncedly except in the Goodell Independent School District, which was the district from which territory had been included in the proposed Belmond District. Only five electors, two of whom are plaintiffs herein, were involved, and they voted Yes 3, No 2. On March 3, 1954, notice of election of directors was published and, pursuant thereto, directors were elected April 5, 1954.

There are a number of issues raised in this appeal, but it seems important that we first consider appellants' contention that the Klemme proceedings are illegal and void as being without jurisdiction. The reason, that throughout the proceedings its plan included territory already included in the prior-commenced and pending reorganization of the Belmond District, is quite persuasive, and this fact disturbed the trial court. Appellants point out that the Belmond District was reorganized pursuant to the action of the joint county boards of education for

Wright and Hancock Counties. They argue that when it became apparent that the Belmond District was going to take lands in Hancock County, the Hancock County Board of Education participated in a rather obvious attempt to destroy the Belmond District plan then in the process of being reorganized, by approving a plan to reorganize a new district solely in Hancock County. They argue such procedure is an attempt to avoid the prescribed procedure available when one county of a joint county proceeding is dissatisfied with the boundaries fixed at that time, i.e., an appeal.

 We think there is a serious jurisdictional defect in the Klemme proceedings. It is elementary that the same land cannot be within the jurisdiction of two pending reorganization proceedings at the same time. Bohrofen v. Dallas Center Ind. Sch. Dist., 242 Iowa 1070, 49 N.W.2d 514; Independent School District of Switzer v. Gwinn, 178 Iowa 145, 159 N.W. 687. Jurisdiction was obtained first over the territory in the Goodell District of Hancock County by the Belmond Board. It was therefore improper for the Hancock County Board to attempt to fix boundaries so as to include that land. Though no statutory provision will be found in chapter 275 or elsewhere relating to such prohibition, it is too well settled for a citation of authority that without jurisdiction the succeeding actions of the board are invalid.

 While acquiring jurisdiction by the county board usually is thought of as requiring only a petition signed by one third of the electors residing within the territory described within that county, section 275.12, and by a duly published notice as required in section 275.14, there is also a further requirement, i.e., that no part of the territory proposed for inclusion be already included in a pending district reorganization. This principle is not new in law, for it is well settled that prior jurisdiction once obtained in any legal proceeding prevents any subsequent effort to interfere with the orderly disposition under the first proceeding.

It is conceded the filing of the Belmond petition gave the joint board the initial jurisdiction over the area described in that petition. However, it did more; it gave the joint board sole

jurisdiction for reorganization purposes. If the Hancock County Board did not approve of the Belmond petition after the joint board action, its remedy was by appeal to the state board of public instruction, whose decision is appealable to the district court. Sections 275.8 and 275.16. This is the prescribed and governing procedure. Thus the Klemme Board may not avoid this direction and, directly or indirectly, proceed to oust the joint board of once-acquired jurisdiction over any part of the area included in the Belmond petition by a subsequent proceeding in their own county. To so hold would mean, as appellants urge, that the Hancock County Board would have a veto power that the statute never contemplated. It is confusing enough to permit such a county board action *after* the completion of the reorganization when the new corporate entity has been established, but to permit such a raid during the process and thereby disrupt the initial plan altogether is not only illegal but devastating to the legislature's announced purpose of promoting reorganization of districts. Section 275.1.

In so deciding we are not without support, for we have considered a like question in the recent case of Bohrofen v. Dallas Center Ind. Sch. Dist., supra, 242 Iowa 1070, 49 N.W.2d 514. It was there held the initial jurisdiction was obtained over disputed territory by filing a prior petition and that this effectively prevented any subsequent proceedings to incorporate that territory into another district. Several other previous Iowa cases upon this question were reviewed therein, and the rule pronounced in Independent District of Sheldon v. Board of Supervisors, 51 Iowa 658, 660, 2 N.W. 590, 591, was set out therein and approved. It merits repetition here. There the court said:

"By the proceedings taken by the plaintiff it had obtained jurisdiction over the disputed territory before any steps were taken to organize Grant. The right to complete its organization, as provided by law, followed. It could not be ousted of its jurisdiction over the disputed territory by anything done subsequent to the commencement of the proceedings to organize the plaintiff, unless the attempted organization was abandoned, or was not completed within the time required by law."

Also see School Corporation of Township of Richland v. Independent Sch. Dist., 162 Iowa 257, 259, 260, 144 N.W. 20, 22; Smith v. Blairsburg Independent Sch. Dist., 179 Iowa 500, 159 N.W. 1027; State ex rel. Ondler v. Rowe, 187 Iowa 1116, 1121, 1128, 175 N.W. 32; Independent School District of Switzer v. Gwinn, supra, 178 Iowa 145, 155, 159 N.W. 687, 690.

Appellees attempt to distinguish those cases on the ground they involve different statutes, but we do not agree, for the rationale of all of those opinions is that where there are two statutory procedures for the creation or reorganization of school districts, subsequent-acting school authorities can acquire no jurisdiction of an area included in a prior-pending reorganization. In the case at bar we have such procedures, one relating to joint board action and the other solely within a county. True, such decisions are not based on direct prohibitions found in the statutes, but they are based upon common-law fundamental principles. Furthermore, to hold otherwise would mean all attempted reorganizations could be set aside before they were even completed.

One of the criticisms of the present law is that no protection seems to be given a reorganized district once it is complete. See 39 Iowa L. Rev. 570, at 605. Appellees contend, with some logic, that even though this action by the Hancock County Board was before Belmond was organized, once it was complete the Hancock Board could, under proceedings exactly like those it pursued, establish and take over the territory within its county. This may be permitted under the new law, and, if so, the wisdom or lack thereof is for legislative consideration, not for the courts. It may well be that the present school laws allow the matter of school districting to be in a constant state of flux, and that some stability is desirable in school districts, but beyond denying the right of interference during the process of reorganization, the court cannot prevent such territorial grabs. The legislature seems to have preferred to intrust to the respective county boards of education the duty to protect against the gerrymandering or ill-advised or designed redistricting, and perhaps this is sufficient. They are usually composed of persons of integrity and high purpose.

We must conclude that until the prior-pending reorganization of the Belmond District was completed or abandoned the Hancock County Board of Education could acquire no jurisdiction of the territory included in the Belmond petition. Its attempt to so do has resulted in a jurisdictional defect in the Klemme proceedings fatal to its legal existence and voids the election.

For these reasons we think the judgment of the trial court in dismissing plaintiffs' petition should be and is reversed. In view of this conclusion, other issues raised, though well presented, need not be discussed. Reversed and remanded for judgment in accord with this opinion.—Reversed and remanded.

OLIVER, C. J., and GARFIELD, WENNERSTRUM, SMITH, HAYS, and THOMPSON, JJ., concur.

BLISS, J., takes no part.