MELVIN L. HOHL et al., appellees, v. BOARD OF EDUCATION OF
POWESHIEK COUNTY et al., defendants; STATE DEPARTMENT
OF PUBLIC INSTRUCTION et al., appellants.

No. 49668.

(Reported in 94 N.W.2d 787)

FEBRUARY 10, 1959.

Norman A. Erbe, Attorney General, and Leonard C. Abels, Assistant Attorney General, for appellants.

Tomasek & Vogel, of Grinnell, for appellees.

LARSON, J.—There is but one question raised in this appeal. By failing to grant the right of individuals to appeal from a decision fixing the boundaries of a proposed school district by the State Department of Public Instruction, did the legislature in chapter 275 of the 1954 Code deny interested individuals the right to question the legality of such reorganization proceedings by certiorari? The trial court held that it did not, and we agree.

Plaintiffs herein are residents of certain territory involved in this dispute which was referred to as "all or parts of twenty-four sections of land." It was alleged in their petition that this territory originally was included in a petition for a proposed Grinnell-Newburg district filed in the office of the County Superintendent of Schools of Poweshiek County, Iowa, on January 21, 1958. It was also alleged the inclusion of that territory in the Grinnell district was properly appealed to the State Department of Public Instruction and when that appeal was dismissed by the department, that territory remained in the proposed Grinnell district. On January 31, 1958, while the Grinnell reorganization was pending, this same territory was included in a petition for the Brooklyn-Guernsey-Malcom Community School District and was referred to as the "overlapping territory." Plaintiffs' petition further alleged that the Grinnell-Newburg district was approved and "will become effective on July 1, 1958."

From the record we find that objections were filed in the Brooklyn matter calling attention to the Grinnell proceedings. The joint county boards of education of Poweshiek and Iowa Counties thereafter deleted this "overlapping territory" from the Brooklyn plan. An appeal followed to the State Superintendent of Public Instruction by the Brooklyn Consolidated School District and others. The matter was heard by the State Department of Public Instruction and the "overlapping territory" was replaced in the Brooklyn-Guernsey-Malcom Community School District reorganization plan.

For convenience, we refer to the two districts as the Grinnell district and the Brooklyn district.

It is plaintiffs' contention that "the Poweshiek and Iowa County Boards of Education had no jurisdiction of the proposed Brooklyn-Guernsey-Malcom Community School District proposal, nor did the Iowa State Board of Public Instruction, the State Department of Public Instruction, or J. C. Wright, Superintendent of Public Instruction, or any of them", to proceed with that reorganization, or to fix boundaries thereof, for the reason that it included territory proposed for inclusion in the pending Grinnell reorganization, citing our decision in State ex rel. Harberts v. Klemme Community School District, 247 Iowa 48, 72 N.W.2d 512. Thus they allege that the Brooklyn proposal

was illegal and void and of no force and effect, and that it was in violation of the provisions of chapter 275, Code of 1954. They further alleged in their petition that the joint county boards of Poweshiek and Iowa Counties exceeded their proper jurisdiction in hearing and approving the Brooklyn proposal because the petition was not signed by the required number of voters in Sheridan Rural Independent No. 5 School District, the same being one of the school districts affected by the proposal. Both are jurisdictional defect allegations.

It is defendants' contention that as to these plaintiffs there is no right of review either by appeal or by certiorari even if there was some illegal proceeding in connection with the establishing of the "overlapping territory" in the Brooklyn district. In other words, they contend that under chapter 275, Code of 1954, only county boards or other designated bodies may obtain a review in the courts from a decision of the State Department fixing disputed boundaries, and, regardless of whether appellants' action was or was not illegal, the issue is whether these individual plaintiffs may maintain an action in certiorari to review the matter. Thus the appellants moved to quash the writ previously granted to plaintiffs by the court and upon its refusal appealed.

I. "A writ of certiorari shall only be granted when specifically authorized by statute; or where an inferior tribunal, board or officer, exercising judicial functions, is alleged to have exceeded its, or his, proper jurisdiction or otherwise acted illegally." R. C. P. 306. Rule 308, R. C. P., provides further that "The writ shall not be denied or annulled because plaintiff has another plain, speedy or adequate remedy * * *."

 Acts of approving plans, establishing boundaries, etc. by boards of education are of a quasi-judicial character and, as such, may be the subject of certiorari review in the courts. Anderson v. Hadley, 245 Iowa 550, 63 N.W.2d 234, and many citations. Therefore, unless the plaintiffs as individuals are somehow denied the use of this action, the legality of the proceedings may rightfully be considered by the court and the question of the board's jurisdiction to act can be determined therein.

 II. We must here look to the allegations of the plain-

tiffs' petition to find whether there appear grounds which would result in a decision that the defendants acted illegally and without jurisdiction. The rule is too well settled to need citations that, for the purposes of the motion to quash, plaintiffs' allegations must be taken as true.

■ ■ Jurisdiction to establish the reorganization of the Brooklyn district was challenged. Plaintiffs sought to review two alleged acts of illegality. The first alleged there was an attempt to include territory within this reorganization that was already included in a pending Grinnell district reorganization. This we said in the recent case of State ex rel. Harberts v. Klemme Community School District, supra, 247 Iowa 48, 72 N.W.2d 512, was a serious jurisdictional defect which voided the Klemme proceedings. We find therein at page 54 of 247 Iowa the following pronouncement:

"We must conclude that until the prior-pending reorganization of the Belmond District was completed or abandoned the Hancock County Board of Education could acquire no jurisdiction of the territory included in the Belmond petition. Its attempt to so do has resulted in a jurisdictional defect in the Klemme proceedings fatal to its legal existence and voids the election."

We also said therein at page 51:

"While acquiring jurisdiction by the county board usually is thought of as requiring only a petition signed by one third of the electors residing within the territory described within that county, section 275.12, and by a duly published notice as required in section 275.14, there is also a further requirement, i.e., *that no part of the territory proposed for inclusion* be already included in a pending district reorganization. This principle is not new in law, for it is well settled that prior jurisdiction once obtained in any legal proceeding prevents any subsequent effort to interfere with the orderly disposition under the first proceeding." (Emphasis supplied.)

■ As a second alleged illegality, plaintiffs contend a sufficient number of signatures was not obtained in one of the school districts affected by the proposal. This also is a jurisdictional attack. Under our holding in Anderson v. Hadley, supra, and the cases cited therein, certiorari was held to be a proper remedy.

Defendants practically concede that, unless plaintiffs as individuals are denied the right to use this remedy, they have stated a good cause of action. However, they cite our holdings in Everding v. Board of Education, 247 Iowa 743, 76 N.W.2d 205, and Signer v. Crawford County Board of Education, 247 Iowa 766, 76 N.W.2d 213, as authority for their proposition that as individuals plaintiffs have no right to test in court the action of the State Department of Public Instruction in settling boundary disputes and establishing boundaries in reorganization matters properly appealed to it. In this contention they go too far. The appeal to the department could not enlarge or alter the county board's original right in entertaining a petition for a reorganization and establishing proper boundaries. It could not cure a previous fatal jurisdictional defect in the proceedings.

It is true in the Everding appeal, and again in the Signer case, we said the legislature provided no right of *appeal* to the courts by individuals from the action of the State Department of Public Instruction's decision fixing boundaries of proposed school districts when the matter had been properly appealed to it. We said in the Everding matter that it is fundamental that the *right of appeal* is purely a creature of statute and the right of appeal in chapter 275 was limited. The right of appeal to the courts, we said, was granted only to county boards, or school districts, for the protection of their county plans.

Such a declaration cannot be made as to a review by certiorari. It is true that the Signer case involved a certiorari action, but there under that record we said the failure to allow time for individuals to appeal to the State Department before an election was called was not *an illegality*, and that for that reason certiorari would not lie. We did not say and did not infer that, had it appeared that the alleged illegality was such as to affect the jurisdiction of the defendants to proceed and challenge the validity of the reorganization, certiorari would not have been the available remedy. We think it would then have been the available remedy.

III. Perhaps the nub of this controversy is the question of whether even the legislature may deny to individuals the right to review matters involving legal questions, questions pertain-

ing to jurisdiction, and other illegalities as distinguished from pure factual or discretionary determinations of boards and other inferior judicial or quasi-judicial bodies.

The question behind the issuance of every writ of certiorari is the extent of the supervisory power which the superior court is willing to exercise. The power of this court is provided in the Constitution as follows: "The Supreme Court shall have appellate jurisdiction only in cases of chancery, and shall constitute a Court for the correction of errors at law, under such restrictions as the General Assembly may, by law, prescribe; *and shall have power to issue all writs and process necessary to secure justice to parties, and exercise a supervisory control over all inferior Judicial tribunals throughout the State.*" Article V, section 4. (Emphasis supplied.)

It may be generally stated that there are only two objects which should be sought by the exercise of this supervisory power: (1) A check on jurisdiction, and (2) a guaranty of a means of review when without it substantial justice could not be had. See 19 Iowa Law Review 137; United States Standard Voting Mach. Co. v. Hobson, 132 Iowa 38, 109 N.W. 458, 7 L. R. A., N. S., 512, 119 Am. St. Rep. 539, 10 Ann. Cas. 972; 10 Am. Jur., Certiorari, section 5, page 527.

Usually, when appeals to the State Department of Public Instruction are taken under chapter 275, the question involved is the fixing of proper boundaries of the proposed district. This is usually not a jurisdictional question, and substantial justice may be had by allowing an appeal to the courts by affected county boards for the protection of their county plans. The individual cannot complain of the fair exercise of these discretions as such, unless the legislature grants him the right of appeal. Everding v. Board of Education, supra. If the actions of the State Department give rise to a jurisdictional issue or an apparent illegality, it is another matter.

Certiorari is the method of bringing the record of an inferior tribunal before the court for the purpose of ascertaining whether the inferior tribunal or body had jurisdiction and whether its proceedings were authorized. See 19 Iowa Law Review 467. Clearly it comes within the supervisory functions of the appellate courts and is necessary to keep all such bodies

within their proper functions and to prevent them from acting in an illegal manner. It is an extraordinary remedy, and the courts may make it *available to all persons* who may show a substantial interest in the matter challenged. Sandahl v. City of Des Moines, 227 Iowa 1310, 290 N.W. 697; Heath v. City of Atlanta, 67 Ga. App. 85, 19 S.E.2d 746; Davis on Administrative Law, 1951 Ed., page 785. As also bearing on this subject, see State ex rel. Cairy v. Iowa Co-op. Assn., 248 Iowa 167, 79 N.W. 2d 775, and authorities cited.

The writ of certiorari is distinguishable from appeal in that certiorari prevents the body performing or exercising a judicial or quasi-judicial function from violating principle of jurisdiction or exceeding the scope of its authority, while appeal is aimed to relieve the individual litigant substantively or from mistake in applying adjective law. Where the body has jurisdiction to determine a question of fact, it is emphatically stated that the writ is not a substitute for appeal, and of course that question is not a ground for certiorari. Tiedt v. Carstensen, 61 Iowa 334, 16 N.W. 214; Dempsey v. Alber, 212 Iowa 1134, 236 N.W. 86.

It is also generally true that only a person who is a party to the action involved may secure the writ. Polk County v. District Court, 133 Iowa 710, 110 N.W. 1054. But we have recognized an exception to that rule. Where the public is concerned in the subject matter, anyone interested may apply. Hemmer v. Bonson, 139 Iowa 210, 117 N.W. 257, 19 L. R. A., N. S., 610.

It is also true that there is a tendency to broaden the scope of the writ especially where no appeal is permitted and, unless such relief is granted, substantial justice will not be done. Volume 3, Cook, Iowa Rules Civil Procedure, page 388; 47 Am. Jur., Schools, section 24, page 314.

Rules 306 and 308, R. C. P., do more than simply codify the common law. They slightly enlarge the scope of the writ and establish a fixed procedure in our law for review by certiorari. However, they retain the ordinary conception of this remedy and we think make it available to any person affected by the action of bodies performing quasi-judicial functions such as these performed by the joint boards in the Brooklyn district and

510

others involved, including the State Department of Public Instruction, where a valid jurisdictional question appears. Anderson v. Hadley, supra; Massey v. City Council, 239 Iowa 527, 530, 31 N.W.2d 875, 878, and citations.

It must be apparent that if the inclusion of territory already within a pending reorganization district by the joint boards would void the proceedings, such an inclusion by the State Department of Public Instruction would also create a fatal defect in the creation of the Brooklyn district. The illegality gives rise to the right of the parties to the writ and does not depend upon who did it.

Unless, then, this writ is made available to these plaintiff residents and landowners, their rights to be protected from illegal acts by bodies without jurisdiction could not be protected. Such is not the case in this jurisdiction, and the trial court's action in overruling defendants' motion to quash must be sustained.—Affirmed.

All JUSTICES concur.