SHERIDAN RURAL INDEPENDENT No. 5 SCHOOL DISTRICT et al., denominated as appellants in trial court, v. GUERNSEY CONSOLIDATED SCHOOL DISTRICT (POWESHIEK COUNTY) et al., denominated as appellees in trial court.

COUNTY BOARD OF EDUCATION (IOWA COUNTY), appellee, v. STATE DEPARTMENT OF PUBLIC INSTRUCTION et al., appellants.
(Consolidated with two other cases)

No. 49839.

(Reported in 100 N.W.2d 418)

JANUARY 12, 1960.

OPINION MODIFIED AND REHEARING DENIED FEBRUARY 11, 1960.

Boardman, Cartwright & Druker, of Marshalltown, for appellants.

Ennis McCall, of Newton, Tomasek & Vogel, of Grinnell, and Orville W. Bloethe, of Victor, for appellees.

HAYS, J.—Three appeals and a proceeding in certiorari, all involving a decision of the State Board of Public Instruction, relative to the proposed reorganization of the Brooklyn-Guernsey-Malcom Community School District under chapter 275, Code of 1958, were consolidated for trial in the lower court, and likewise on this appeal. All facts are stipulated.

On January 21, 1958, petitions for the reorganization of the Grinnell-Newburg Community School District, hereinafter called the Grinnell District, were filed with the County Superintendent of Schools for Poweshiek County, Iowa. They embraced land in Poweshiek and Jasper Counties. Notice was given and hearings had before the Joint Board. On March 3 the proposed reorganization was approved and the boundaries fixed. In so doing, nine (9) sections, or parts thereof, included in the petitions and which were scattered intermittently along the proposed west boundary, were excluded by the Board. This action was approved, on appeal, by the State Board of Public Instruction and no further appeal was taken. Following an election, and the selection of Directors, the said District came into being on July 1, 1958. No question as to the validity of this District is involved.

I. On January 31 and February 1, 1958, petitions for the reorganization of the Brooklyn-Guernsey-Malcom District, hereinafter called the Brooklyn District, were filed with the County Superintendent of Schools of Poweshiek County, Iowa. They embraced land in Iowa and Poweshiek Counties. Notice was given and hearings were commenced before the Joint Board on March 6. It appeared that the proposed boundaries of the said District included twenty-four (24) sections of land that were included in the then pending Grinnell reorganization, and on account of which the jurisdiction of the Board was questioned by objectors. The hearing was recessed for thirty days and reconvened on April 3. At this hearing, John E. Talbott, an attorney, representing the petitioners, filed a formal withdrawal of the overlapping territory, the twenty-four (24) sections, and asked that they be not considered by the Board. The withdrawal was approved by the Board and on April 4 the proposed reorganization of said District was approved and the boundaries fixed. As fixed they were as contained in the petitions as amended by

the withdrawal and excluded from the District the nine (9) sections, or parts thereof, that had been excluded by the Joint Board hearing the Grinnell proceedings.

On appeal to the State Board of Public Instruction the jurisdiction of the Joint Board was upheld, and, in addition to approving its action, the nine (9) sections which had been excluded by it were added to the Brooklyn District. On the three appeals, and the certiorari action, as above stated, the trial court held that, due to the overlapping of territory with the Grinnell District in the original petitions filed, the Joint Board did not have jurisdiction to take action upon the petitions, and dismissed the same. While other propositions were submitted to the court, it held them to be moot in view of its finding as to jurisdiction. The trial court based its decision entirely upon the case of State ex rel. Harberts v. Klemme Community School District, 247 Iowa 48, 72 N.W.2d 512, hereinafter called the Klemme case. This appeal followed.

In the Klemme case, petitions to form the Belmond School District were filed with the County Superintendent of Schools of Hancock County and embraced land in Hancock and Wright Counties including land in the Goodell School District. Shortly thereafter, petitions were filed with the same County Superintendent for the reorganization of the Klemme District. It included land only in Hancock County but embraced the same land in the Goodell District as was included in the then pending Belmond District. Thereafter, the respective Boards approved the proposed reorganizations and fixed the boundaries as were set forth in the respective petitions. An election and selection of directors for each district followed. In a quo warranto proceedings questioning the validity of the Klemme organization, we reversed the trial court and held at page 54 of 247 Iowa "that until the prior-pending reorganization of the Belmond District was completed or abandoned the Hancock County Board of Education could acquire *no jurisdiction of the territory included* in the Belmond petition. *Its attempt to so do* has resulted in a jurisdictional defect in the Klemme proceedings fatal to its legal existence and voids the election." (Italics added.) At page 51 of the Iowa Report, it is said: "It is elementary that the same land cannot be within the jurisdiction of two pending reorgani-

zation proceedings at the same time. * * * Jurisdiction was obtained first over the territory in the Goodell District * * * by the Belmond Board. It was therefore improper for the Hancock County Board *to attempt to fix boundaries so as to include that land."* (Italics added.)

While the use of the term "jurisdiction" as it is used in various places throughout the decision may be somewhat confusing, we think that its meaning is clear. It places jurisdiction in the proper Boards with the filing of the petitions and the giving of notice for hearing thereon, as does chapter 275, Code of 1958, in the instant case; it recognizes the established rule of law, see Mehmen v. Kappel, 242 Iowa 1032, 47 N.W.2d 832, that any attempt by the Board before which the last filed petitions were pending, to exercise jurisdiction over the overlapping territory, is in excess of its authority; that the territory included in the Klemme District, as was voted upon at the election, was an entity and embraced land illegally included therein, and it followed of course, that the entire election was illegal and void. If this decision holds other than above stated, and there is therein anything to the effect that, because of the overlapping, the proper Board was without authority to hold hearings on the petitions and adjust matters according to law, we fail to find it. If so, the decision is overruled to that extent. See also Bohrofen v. Dallas Center Ind. Sch. Dist., 242 Iowa 1070, 49 N.W.2d 514; Independent Sch. Dist. of Switzer v. Gwinn, 178 Iowa 145, 159 N.W. 687.

When we compare the factual situation in the instant case with the Klemme case we doubt that it is at all applicable. In the instant case the record is clear that the Board, rather than attempting to obtain territory included in another pending matter, adjourned the hearing in order to study the situation and studiously avoided such usurpation. Even without the withdrawal, which we will discuss later, the Board had authority to make the decision that it did. The trial court was in error in dismissing the petitions for reorganization.

II. In view of the above holding, another proposition urged to the trial court, but not ruled upon, and now urged here by appellees in support of the trial court's decision, must be considered. That they may do so, without taking a cross-appeal is

well settled and appellants' motion to strike the same is over-ruled. See Pappas v. Evans, 242 Iowa 804, 48 N.W.2d 298. It is to the effect that the withdrawal of the overlapping territory by the petitioners precluded its inclusion therein at a later time.

 Appellants seek to nullify this withdrawal by showing that the withdrawal was made by the petitioners while the appeal was taken by the Boards of affected school districts and they are not bound thereby. At least, under the facts of the instant case, we find no merit in this contention.

As above stated in Division I, at the time of the hearings on March 6 and April 3, the Joint Board had jurisdiction and authority to fix the boundaries within the area included in the petitions, so long as it did not, by so doing, infringe upon the priorities of other pending proceedings. On April 3, any attempt by the Board to include the nine (9) sections in the proposed district would, under the Klemme case, have been in excess of its jurisdiction. It was not until May 11 that the nine (9) sections were eliminated from the Grinnell District as on that date the time for appeal from the decision of the State Board of Public Instruction expired with no appeal being taken. In the Brooklyn proceedings the appeal to the State Board was taken on April 14 and the decision rendered on May 2. Thus the State Board in including the nine (9) sections in the Brooklyn District assumed jurisdiction to act where no jurisdiction to act existed and the inclusion of the nine (9) sections was clearly illegal. This would be so even without the withdrawal of the overlapping territory.

By the filing of the withdrawal at the time of the hearing on April 3, with the approval of the Board, the only area then to be considered by it did not include the nine (9) sections. It would, we think under these circumstances, be, as we said in State ex rel. Ondler v. Rowe, 187 Iowa 1116, 1127, 175 N.W. 32, 36, "entirely competent for the petitioners to have agreed to let the petition stand, as being for the consolidation of the remaining territory; and, upon a declaration made to the board, that body could properly have proceeded to call an election accordingly." That in effect is what was done. The petitions, after the withdrawal, were in fact new petitions which did not contain the nine (9) sections. Zilske v. Albers, 238 Iowa 1050, 29

N.W.2d 189, and Ward v. Incorporated Town of Clover Hills, 240 Iowa 900, 38 N.W.2d 109, cited by the appellants, and Hohl v. Board of Education of Poweshiek County, cited by appellees, are not in point.

In addition to the nine overlapping sections excluded by the Joint Board, heretofore discussed, said Board also excluded from the boundaries of the Brooklyn District as fixed at its April 3 hearing other territory included in the original petition. On the appeal to the State Board of Public Instruction, this excluded territory was added to the Brooklyn District. On the appeal to the District Court this part of the State Board's decision was held to be moot in view of its decision as to the nine overlapping sections. It did however state that if called upon to determine the same it would sustain the State Board.

Appellees urge here, as in the trial court, that the State Board's action was arbitrary, unreasonable and contrary to the evidence presented to the Joint Board. That the State Board had authority to act in the matter is conceded. See also Board of Education in and for Franklin County v. Board of Education in and for Hardin County, 250 Iowa 672, 95 N.W.2d 709. The issue presented was factual and is not for this court to determine in the absence of fraud or other illegal act upon the part of the determining Board. In re Community School District of Malvern, 250 Iowa 1240, 98 N.W.2d 737. We find nothing in the record to sustain the claim that the State Board in any way acted illegally or arbitrarily.

We hold the decision of the State Board of Public Instruction should be modified by the exclusion therefrom of the nine overlapping sections and, as thus modified, affirmed and that the trial court was in error in dismissing the original petition and must be reversed.—Reversed and remanded for proper decree.

All JUSTICES concur.