LEDYARD COMMUNITY SCHOOL DISTRICT et al., appellants, v.
COUNTY BOARD OF EDUCATION OF KOSSUTH COUNTY et al.,
appellees.

No. 52629.

(Reported in 153 N.W.2d 697)

166

OCTOBER 17, 1967.

Harold J. McNertney, of Bancroft, and Elwood & Anderson, of Cresco, for appellants.

Gordon L. Winkel and Walter B. MacDonald, both of Algona, for appellees.

BECKER, J.—Plaintiffs filed petition with the County Board of Education requesting reorganization of certain school districts and territory into a single community school district. After hearing the board dismissed the petition. On appeal to the district court the board's action was affirmed. We agree.

Petitioners seek a reorganized district to be known as the

Ledyard District which would include all of the present Ledyard, Bancroft, Ramsey and Greenwood and part of the Grant school districts. All are contiguous areas located in the north central part of Kossuth County.

The proposed district had an estimated 371 students at the time of the petition, adequate tax base, presently adequate physical facilities, and included the Ledyard District which was an approved, accredited district operating a high school. Petitioners contend the proposed district thus met all of statutory requirements for reorganization. Defendants do not seriously challenge this assertion. Petitioners also allege the proposed district has a comparatively favorable per pupil cost and a favorable millage rate.

On August 25, 1965, the county board of education met with all the boards of the above named school districts, plus the boards of the Lakota and Swea City school districts. The purpose of the meeting was to discuss reorganization of those districts. Information was volunteered that a petition for reorganization was being prepared that would cover all the districts present at the meeting except Grant, Lakota and Swea City districts. This was substantially the area covered by the petition as eventually filed.

Petition was filed September 23, 1965. Hearing was scheduled for November 16. On November 2 the county board met and amended the tentative map for reorganization of the county as follows: "The presently existing school districts of Swea City, Grant, Ledyard, Lakota, Bancroft, Greenwood and Ramsey to be included in a single district, the same to become a part of the amended county plan. Carried." Another amendment changing the map was offered and carried but did not affect the area under consideration. The condition of the tentative reorganization plan before amendment is not shown.

Written objections to the petition were filed. At the November 16 meeting both proponents and objectors were represented. Both sides presented their views to the defendant school board.

The proponents argued the petition met all requirements including the number of pupils necessary for the reorganization, the facilities were adequate, the professional staff was

competent, the dropout rate was zero, the educational program was more than meeting state standards, no other plan had been put forward, the proposed reorganization would serve as a stopgap for future reorganization of north Kossuth County, it would give all boards time for future planning, the largest percentage of voters in the proposed area have shown their approval by signing the petition, the proposal would promote better education of the students in the proposed area.

The opponents argued that the proposal envisioned too small a district, the present district had high per pupil costs, reorganization of north Kossuth County would almost immediately be necessary on a larger basis, such reorganization would be hampered if this proposal went through, new standards envisioned by recent legislation would be difficult to meet with so small a district, students presently attending Swea City schools would have to transfer, the proposal splits the north end of the county and is not in the best interest of all the people and students in that area.

After hearing these views the board discussed the matter but adjourned without vote until November 18, 1965. On that date a motion to dismiss the petition was filed but failed to carry. The vote was two-to-two with one abstaining. The minutes of the meeting read: "The County Board reconvened * * * and proceeded to evaluate the petition as filed, the objections as filed, the testimony as presented and with due regard to future reorganization of the county into sound educational units, the welfare of children involved and with due regard to the welfare of adjoining districts now and in the future and with due regard to the manner in which the proposal fitted into and affected the county plan as amended."

Motion to dismiss the petition was then made. The reasons for dismissal incorporated in the motion were:

"1. The proposed district lacks the pupil resources to provide an adequate educational program as envisioned in Senate File 553, Acts of the 61st General Assembly and of Chapter 275 I.C.A.

"2. The public school patrons of the Bancroft Independent and the Greenwood Township School District have been

served by the Swea City School District for the past several years by virtue of the choices made by these patrons and their respective school district boards."

On November 18 the original motion was again put. This time it carried four-to-one. The petition was then dismissed.

On appeal the district court held: "It is the Court's CONCLUSION that the County Board recognized the proposed district was contrary to the County plan and would not provide an adequate educational program for the future; that their action in denying appellants' reorganization petition was within their discretion, was reasonable and proper and is supported by the record."

I. Plaintiffs' first and most serious proposition is that they have complied with all the statutory essentials in presenting their petition and are entitled to exercise their electoral rights. They properly point to Code, 1966, section 275.1 wherein the legislature said that: "It is further declared to be the policy of the state that no existing district or part thereof shall be included in such twelve-grade district prior to April 1, 1966 without the electors of such existing district or part thereof having an opportunity to vote the proposition to include such existing district or part thereof in said twelve-grade district."

Defendants counter with the first paragraph of the same section which reads: "It is hereby declared to be the policy of the state to encourage the reorganization of school districts into such units as are necessary, economical and efficient and which will insure an equal opportunity to all children of the state."

Defendants also cite: "275.6 Progressive program. It is the intent of this chapter that the county board shall carry on the program of reorganization progressively and shall, insofar as is possible, authorize submission of proposals to the electors as they are developed and approved." and 275.15 in part "and the county board of education shall review the matter on its merits and within five days after the conclusion of any hearing, shall rule on the objections and shall enter an order fixing such boundaries for the proposed school corporation as will in its judgment be for the best interests of all parties concerned, having due regard for the welfare of adjoining districts *or dismiss the petition.*" (Emphasis supplied.)

The third paragraph of section 275.1 also provides that any area that is not in a district maintaining 12 grades, or in a reorganization plan to get into such a district by April 1, 1966, may be summarily attached to such a district by the county board with approval of the state board of public instruction.

In interpreting the statute we must give meaning to each section and each word thereof if that is possible. Misbach v. Civil Service Commission of Cedar Rapids, 230 Iowa 323, 297 N.W. 284. It is clearly the intent of the statute that the people should have been able to vote on proper reorganization plans prior to April 1, 1966. But this does not mean that every plan submitted to the county board for consideration must be submitted to the electorate. Such holding would eliminate the county board's authority to dismiss petitions. We do not interpret the minimum standards set by the legislature as maximum standards which would deprive the board of discretion if the standards are met. The board may properly find that the plan espoused in a given petition is not to the best interest of the people affected. What is required is that their action be within the board's jurisdiction and not arbitrary. This is the sole issue. In re Durant Community School District, 252 Iowa 237, 106 N.W.2d 670.

Authority of the county boards to submit, amend and submit, or dismiss reorganization petitions is a discretionary authority. Unless this discretion is arbitrarily exercised the courts will not interfere. In re Lone Tree Community School District, 260 Iowa 719, 150 N.W.2d 637; Allely v. Board of Education, 252 Iowa 1142, 110 N.W.2d 410.

The county board must act within the declared purpose of the statute. The board must consider the needs of the whole county. We agree with the trial court that "Inherent in the Board's decision is a finding that the proposed reorganization is not for the best interest of all districts affected, and the residents thereof."

The reasons given by the board in dismissing the petition need not have been all the reasons it had in mind. At the initial hearing both sides agreed that the proposed district was small, "perhaps too small." Both sides agreed that the proposal

was "stopgap" at best. Both sides agreed that further reorganization would be necessary within a period variously estimated at from three to ten years. Board of Directors v. County Board of Education, 257 Iowa 106, 108, 131 N.W.2d 802, contains a somewhat analogous situation (decided by the State Department of Public Instruction) in that it involved the administrative dismissal of a plan because it did not give proper consideration to the welfare of adjoining districts. This court upheld such action (reversing the trial court) with the observation at page 115 "Other adjacent school districts, in need of help by reorganization, could have been included and some of the valid objections would have been eliminated."

Under the circumstances we cannot say that the board's action was so arbitrary and capricious as to warrant interference. If we cannot so find, we cannot interfere. In re Proposed Community School District of Malvern, 250 Iowa 1240, 98 N.W.2d 737; Board of Directors v. County Board of Education, supra.

II. Plaintiffs argue that no meaningful effort to develop plans for reorganization of the north part of Kossuth County had been undertaken by the county board from the time the legislature mandated reorganization into larger districts until they filed their petition. The initial legislation looking to larger districts was passed in 1953. Plaintiffs argue that meaningful action should have been taken in the 12-year interim and imply that defendants were simply waiting for the July 1966 deadline to take arbitrary action without elective consent of the areas affected.

This argument cuts both ways. No action suggesting a plan was taken by plaintiffs until the deadline was dangerously close. Further, no new plan embracing a larger or more acceptable area was subsequently proposed, although at least four months remained for action.

But the most serious deficiency in this argument is the total lack of record evidence as to what the county board did or did not do prior to August 1965. A tentative reorganization plan as amended in November 1965 is certified to us. The prior plan is not in the record nor are its basic provisions supplied in

any manner. We presume there was such a plan because the November action was to amend a then existing plan. But the contents of the plan are simply not before us.

■ Plaintiffs do not attack the original tentative plan as inadequate or improvidently made. Once a tentative plan is adopted it may be changed without new studies, surveys and hearings, Board of Directors v. County Board of Education, supra, Archer v. Board of Education, 251 Iowa 1077, 104 N.W.2d 621.

Allely v. Board of Education, supra, is cited as authority for the proposition that when an *impasse* occurs " 'A solution [in such circumstances of impasse] lies only in the liberal construction of the statutes as amended with a view to giving effect to the legislative intent as expressed therein.' " (Page 1149 of 252 Iowa.) The facts are dissimilar, but more important, liberal construction in Allely authorized the school board to act. It did not constrict the discretionary area.

III. Plaintiffs argue the totality of the board's actions amounts to arbitrary and capricious dismissal of their petition. The actions criticized are: (1) the resolution of dismissal was poorly worded, (2) considered objections of persons not living within the proposed district, (3) ignored the record in finding that pupil resources were too small to develop an adequate educational program as provisioned by Senate File 553, Acts of the Sixty-first General Assembly, (4) the necessity of requiring some present students to change schools was not an adequate reason for the decision, (5) changing the county plan just prior to the hearing and then basing the dismissal on failure to meet the county plan was an abuse of discretion under the facts here, (6) and finally, the plan is a good plan and should be used until a better plan comes along (setting forth many reasons for the validity of the plan).

Points three and five have already been discussed.

■ The form of the resolution appears sufficient to advise the members of the subject of their vote and the public of the effect of their action. The preamble of the motion stated that the action of the board was "with due regard to future reorganization of the county into sound educational units, the

welfare of children involved and with due regard to the welfare of adjoining districts now and in the future and with due regard to the manner in which the proposal fitted into and affected the county plan as amended."

Section 275.12(1) states: "School districts affected or portion thereof shall be defined to mean that area to be included in the plan of the proposed new school district." We have therefore held that a school district not meeting this definition has no right to appeal, State ex rel. Schilling v. Community School District, 252 Iowa 491, 106 N.W.2d 80.

■ It does not follow as plaintiffs urge, that the county school board may not consider the objections or views of persons or districts not within the proposed plan. Indeed, section 275.15 provides that at the county school board hearing that board shall decide the matter, "having due regard for the welfare of adjoining districts." This we take it mandates the board to consider other districts and the welfare of the residents of those districts.

We do not substitute our judgment for that of the board on the matters covered by items four and six.

Certainly there is a paucity of record evidence that any planning was done either by the board or by plaintiffs prior to August 1965. We can understand plaintiffs' dissatisfaction at their failure to get to vote on this plan. Yet we cannot conclude that under all the circumstances the board's action was arbitrary.—Affirmed.

All JUSTICES concur.