The CASTANA COMMUNITY SCHOOL DISTRICT OF MONONA COUNTY, Iowa and Robert Erickson, Fred Anderson, Lester Dobrovolny, Sam Mann and Keith Davis, the Board of Directors thereof, Appellants,

v.

The STATE BOARD OF PUBLIC INSTRUCTION, State of Iowa, the Individual Members thereof, Paul F. Johnston, Executive Officer of said State Board and State Superintendent of Public Instruction, the Joint County Boards of Education of the Counties of Monona and Harrison, State of Iowa, and the Individual Members thereof, G. L. Reinhardt, County Superintendent of Schools of Monona County, Iowa, and, to the West Monona Community School District Board of Education in the Counties of Monona and Harrison, State of Iowa, and the Individual Members thereof, Appellees.

No. 52567.

Supreme Court of Iowa.

Jan. 9, 1968.

Patrick J. Morrow, Onawa, for appellants.

Richard C. Turner, Atty. Gen., and Prichard & Prichard, Onawa, for appellees.

MOORE, Justice.

■ This is an appeal from a final judgment following the trial court's sustaining a motion to dismiss plaintiffs' petition alleging illegal acts by defendants in rejecting a proposal for a new school district in Monona and Harrison Counties. The well pleaded facts in the petition must therefore be considered as established for the purpose of this appeal.

On March 23, 1966 the Castana Community School District of Monona County, a non-high school district, and the West Monona Community School District of Monona and Harrison Counties, a high school district, filed a concurrent action agreement under Code section 274.37 with the county boards of education involved. The agreement provided for the adjusting of the boundary lines of the Castana District leaving more than eight sections on the north end and providing for the balance to become a part of the West Monona District.

The Castana School District residents had been in various reorganization proceedings since 1961 including an appeal to this court in 1965. See Davies v. Monona County Board of Education, 257 Iowa 985, 135 N.W.2d 663. In February 1966 the Joint County Boards of Education of Monona and Harrison Counties disap-

proved a proposed agreement for concurrent action between these same two school districts which would have adjusted the boundary line of the Castana District leaving more than four sections on the south and provided the remainder become a part of West Monona.

The two districts were advised the joint county boards of education would meet April 2, 1966 to consider the March 23 agreement.

On March 31, 1966 a petition was offered for filing in the office of the Monona County Superintendent of Schools proposing the formation of a new district to be known as the West Monona Community School District. Formation of a new school district by petition is authorized under Code chapter 275. The petition referred to exactly the same territory as described in the March 23 concurrent agreement.

The Monona County Superintendent refused to accept this petition on the ground the concurrent action agreement was still pending.

On April 1, 1966 the Castana Board filed with the County Board its rescission of the March 23 concurrent agreement and on the same day refiled the petition proposing the formation of a community school district. The West Monona Board did not join in the rescission.

The concurrent action agreement was disapproved at a meeting of the joint boards on April 7, 1966. No appeal was taken from that action.

On May 2, 1966 pursuant to proper notice, the joint county boards conducted a hearing on the petition for reorganization. Plaintiffs' attorney presented argument in favor of the proposed plan. Many objectors appeared in opposition thereto. May 12 a notice the joint boards had dismissed the petition was published. The reasons for the dismissal were not stated. An appeal was then taken by plaintiffs to the State Department of Public Instruction.

After hearing, the appeal was dismissed by the state department. A copy of the ruling was made a part of plaintiffs' petition filed thereafter in the district court.

Plaintiffs' petition in the district court prayed the order of the joint boards dismissing the petition for the proposed West Monona School District be set aside and the matter be remanded to the joint boards with instructions for reasonable consideration of all facts pertinent thereto; the order of the state department be set aside with instructions its jurisdiction included authority to modify the action of the joint boards although the petition had been dismissed; the order of the state department be vacated and the Monona County Superintendent be ordered to call a special election in the proposed school district and that plaintiffs be granted just and equitable relief.

■ I. Plaintiffs included the State Board of Public Instruction, the individual members thereof and the State Superintendent of Public Instruction as defendants in the district court action. These defendants then filed a motion to be dropped from the case under rule 27, Rules of Civil Procedure. The trial court properly sustained the motion and said defendants are not parties to this case on appeal. Board of Directors of Stanton Independent District v. Board of Education in and for Montgomery County, 251 Iowa 589, 593, 102 N.W.2d 159, 161; Board of Education v. Bremen Township Rural Independent School District, Iowa, 148 N.W.2d 419, 421.

II. Defendants, the Joint Boards of Education of Monona and Harrison Counties, the individual members thereof and the Monona County Superintendent of Schools filed a motion to dismiss plaintiffs' petition. Defendants asserted the facts alleged in the plaintiffs' petition did not entitle plaintiffs to the relief demanded and stated several grounds in support thereof. Defendants specifically raised the question of jurisdiction of the joint boards to consider

the petition for organization of the proposed new school district.

Thereafter plaintiffs amended their petition alleging the Monona Superintendent had acted arbitrarily and capriciously in refusing to file the petition when offered for filing on March 31 and the joint boards also so acted in the manner in which the hearing on the petition was conducted. Plaintiffs alleged the joint boards listened to objectors who were not properly identified and the hearing over a period of only two hours was too brief on which to base a proper decision.

December 9, 1966 the trial court signed and filed this order: "The Motion to Dismiss petition filed on August 30, 1966, and heretofore submitted and taken under advisement comes on at this time for ruling. After an examination of the pleadings motion and briefs and arguments submitted by counsel of the parties and after hearing the oral arguments of counsel for plaintiffs and counsel of the defendants, the court is of the opinion the motion to dismiss filed on August 30, 1966, in this action should be and is hereby sustained in its entirety and the petition is dismissed at the plaintiffs' cost."

Plaintiffs did not plead further and have appealed. The parties and this court must assume the trial court based his ruling on one or more of the grounds for dismissal asserted by defendants.

Plaintiffs-appellants charge the trial court erred in holding (1) the Joint Board was without jurisdiction to consider the petition for the proposed new school district, (2) the State Department of Public Instruction was not authorized by Code section 275.16 to vacate or modify the Joint Board's decision dismissing the reorganization petition and (3) plaintiffs' allegations of facts did not support the pleaded conclusion the Monona County Superintendent or the Joint Board had acted arbitrarily and capriciously.

Section 275.1, Code 1962, as amended by chapter 240, sections 1 and 2, Acts of the

61st General Assembly, provides that any area in the state not a part of a high school district by April 1, 1966 or not included in a reorganization petition filed in accordance with section 275.12 on or before April 1, 1966 shall be attached by the county board of education to a district or districts maintaining 12 grades, effective July 1, 1966. It further provides such attachment must have the approval of the State Board of Public Instruction and grants a right of appeal to a court of record.

Code sections 275.9 to 275.24 inclusive provide a method of school district reorganization by petition of residents of the area, study and approval or disapproval by the local board of education and if approved then a vote of the people. It may be referred to as the long form for school district reorganization. Section 274.37 provides an alternative and simpler method of boundary changes. These statutes are thoroughly reviewed and analyzed in Davies v. Monona County Board of Education, 257 Iowa 985, 992, 993, 135 N.W.2d 663, 666, 667.

As pertinent here, section 274.37 provides: "The boundary lines of contiguous school corporations may be changed by the concurrent action of the respective boards of directors at their regular meetings in July, or at special meetings called for that purpose. Such concurrent action shall be subject to the approval of the county board or boards of education involved but such concurrent action shall stand approved if the county board or boards of education do not disapprove such concurrent action within thirty days following receipt of notice thereof. * * *."

Apparently plaintiffs concluded the March 23 concurrent action agreement would not be approved and were confronted with the problem of filing a petition for reorganization on or before April 1 or have the Castana District attached to one or more other districts under the provisions of section 275.1. Their attempt to change procedure established the question of ju-

risdiction as raised in the first assigned proposition of error.

■ The rule is well established that the same land cannot be within the same jurisdiction of two pending reorganization proceedings at the same time. Subsequent-acting school authorities can acquire no jurisdiction of an area included in a prior-pending reorganization. Independent District of Sheldon v. Board of Supervisors, 51 Iowa 658, 660, 2 N.W. 590, 591; Bohr-ofen v. Dallas Center Ind. Sch. Dist., 242 Iowa 1070, 1074, 49 N.W.2d 514, 516; State ex rel. Harberts v. Klemme Community School District of Hancock County, 247 Iowa 48, 51, 72 N.W.2d 512, 514; Davies v. Monona County Board of Education, 257 Iowa 985, 989, 990, 135 N.W.2d 663, 665.

In Davies v. Monona County Board of Education, supra, we recognize these legal principles but hold that when the first pro-ceeding is abandoned and is no longer pending then a new proceeding may be commenced. The Davies case involves the same two school districts as in the case at bar but a different area. In Davies a petition for merger of certain areas of the two districts was filed and later approved by both districts. Monona County Board of Education, however, disapproved the pro-posal and its ruling was affirmed on Castana's appeal to the State Department of Public Instruction.

Plaintiffs rely heavily on the Davies case and argue the March 23 concurrent agreement had been abandoned and was not pending when the petition for reorganization was filed on April 1, 1966. We believe the two cases are readily distinguishable on the facts.

■ In the case at bar only Castana had attempted to rescind the concurrent agreement. The joint board had taken no action on the proposal. Under section 274.37 in the absence of a disapproval within 30 days the agreement could have been considered as approved. The appeal pro-cedure to the State Department of Public Instruction, of course, had not been exhausted. Under these facts we are not persuaded the concurrent agreement had been abandoned and that nothing further was pending in relation thereto on April 1. There was no jurisdiction for filing the petition on that date. The ruling of the trial court must be affirmed on that ground.

Under the pleaded facts the provisions of section 275.1 as amended controlled the method by which Castana, the non-high school district was to be attached to one or more high school districts after April 1, 1966.

Our holding adversely to plaintiffs' contention under the first assigned proposition for reversal is determinative of this case and makes consideration of the other two assigned propositions unnecessary.

Affirmed.

All Justices concur.