**ARMSTRONG–RINGSTED COMMUNITY SCHOOL DISTRICT, Appellant,**

v.

**LAKELAND AREA EDUCATION AGENCY and The Board of the Lakeland Area Education Agency, Appellees.**

No. 97–346.

Supreme Court of Iowa.

Feb. 17, 1999.

Harold W. White of Fitzgibbons Law Firm, Estherville, for appellants.

Rick Engel, West Des Moines, for appellees.

Considered by HARRIS, P.J., and LARSON, CARTER, NEUMAN, and TERNUS, JJ.

CARTER, Justice.

The Armstrong–Ringsted Community School District (Armstrong–Ringsted), appeals from a district court's judgment upholding the Lakeland Area Education

Association's (area education agency) dismissal of its petition for reorganization of the Lincoln Central and Armstrong–Ringsted School Districts. Armstrong–Ringsted argues that the district court erred in affirming the area education agency's action because its petition complied with all statutory requirements under chapter 275 of the Iowa Code and was consistent with the area education agency's reorganization plan. Armstrong–Ringsted also contends that the area education agency was unduly influenced by another petition for reorganization, which, it alleges, was later improperly granted. After reviewing the record and considering the arguments presented, we affirm the judgment of the district court.

In April 1995 petitioners from both the Lincoln Central and Armstrong–Ringsted School Districts submitted a petition for reorganization to the area education agency. That petition, signed by 126 residents of the Lincoln Central district and 393 residents of the Armstrong–Ringsted district, sought to combine the entirety of those two districts into one newly organized district. After holding a public hearing, the area education agency dismissed that petition on June 19, 1995.

During the pendency of the Lincoln Central and Armstrong–Ringsted merger proposal, another petition had been filed with the area education agency involving a proposed merger of the Lincoln Central and Estherville School Districts. The agency had previously approved a similar merger proposal, but at that time, that proposed merger failed to win the support of the voters. After the area education agency had denied the proposed merger of the Lincoln Central and Armstrong–Ringsted districts, a renewed petition for a merger of the Lincoln Central district with the Estherville district was acted on affirmatively by the area education agency and approved by the voters. Following the approval of that plan, the Lincoln Central School District withdrew from this litigation, which was then pending in the district court.

Armstrong–Ringsted contends that, because its reorganization petition complied with chapter 275 of the Iowa Code and the area education agency's reorganization plan, the area agency was required to approve the petition and put it to a popular vote. The area education agency's reorganization plan was developed in 1987 in order to assist the agency in the event it was presented with a reorganization petition. The plan required that a proposed district meet three provisions. These provisions were (1) the proposed district has an enrollment base sufficient to support an adequate education program, (2) the proposed district shall constitute a reasonable geographic unit that does not present unduly difficult transportation or communication problems, and (3) the proposed district remain viable for the foreseeable future and stand the test of time. Both Armstrong–Ringsted's superintendent and the area education agency's administrator agreed that the proposed merger between Armstrong–Ringsted and Lincoln Central would meet these three criteria. Armstrong–Ringsted believes that this entitles its proposed district to approval.

We have developed several principles that apply when reviewing school district reorganization decisions. *See Hedrick Community Sch. Dist. v. Southern Prairie Area Educ. Agency*, 433 N.W.2d 746, 750 (Iowa 1988). We consider only legal questions and cannot substitute our judgment for that of the education authorities regarding the wisdom and practicability of the proposed reorganization. *Id.* Our review is limited in this way because reorganization is a legislative, not judicial, process. *Id.* We will only interfere with these local legislative matters when it appears that an education agency has "exceeded its jurisdiction or has taken an action that is arbitrary, unreasonable or unsupported by substantial evidence in the record." *Id.* at 750–51. We have defined arbitrary or un-

reasonable action as action that is unconsidered, willful, or without rational basis. *Id.* at 751.

■ Iowa Code chapter 275 regulates school district reorganization. The policy behind reorganization of school districts is to encourage economical and efficient school districts that will ensure an equal educational opportunity to all children of the state. Iowa Code § 275.1 (1995). Armstrong–Ringsted argues that, because its reorganization plan complies with chapter 275, Lakeland must approve the petition because it does not have any legal basis to dismiss it. We disagree.

Section 275.15 addresses the hearing and decision on a reorganization petition and provides Lakeland with discretion to either approve or dismiss the petition.

> At the hearing ... the area education agency board shall review the matter on its merits and within ten days after the conclusion of any hearing, shall rule on the objections and shall enter an order fixing the boundaries for the proposed school corporation as will *in its judgment be for the best interests of all parties concerned, having due regard for the welfare of adjoining districts,* or *dismiss the petition.*

Iowa Code § 275.15 (Iowa 1995) (emphasis added). This statute provides the area education agency with the choice of either approving the petition and setting boundaries or dismissing the petition.

Our views find support in *Ledyard Community School District v. County Board of Education,* 261 Iowa 165, 153 N.W.2d 697 (Iowa 1967). That case was decided when county boards were responsible for reorganization of school districts. In that case, a school district was appealing a county board's dismissal of its reorganization petition. The school district argued that the petition met all the statutory requirements. *Ledyard,* 261 Iowa at 168, 153 N.W.2d at 699. We determined, however, that there was no requirement that each and every plan submitted to a county

board must be approved because "that would eliminate the county board's authority to dismiss petitions." *Id.* at 170, 153 N.W.2d at 700. The same analysis applies to the present case. We also explained in *Ledyard* that the board may find that the petition is not in the best interest of the people affected, and the sole issue is whether the county board's action was within their jurisdiction and not arbitrary. *Id.*

■ There were several circumstances upon which the area education agency could properly have relied in denying the proposed reorganization of the Lincoln Central and Armstrong–Ringsted districts. Two major disincentives to approval of that plan were (1) the fact that, because of a whole-grade sharing plan between the Lincoln Central district and the Estherville district, 202 of the Lincoln Central district's 223 students attended school in Estherville; and (2) the large number of objectors seeking to opt out of the proposed Lincoln Central merger with Armstrong–Ringsted based upon geographical proximity to other contiguous school districts. Either or both of these circumstances were legally sufficient reasons for upholding the agency's rejection of the proposed merger of the Lincoln Central and Armstrong–Ringsted districts.

■ We also conclude, contrary to the contentions of Armstrong–Ringsted, that the area education agency could not be expected to close its eyes to the alternative merger plan that had been submitted to it. It is clear from the record that the area education agency believed that there were greater educational advantages to that plan of reorganization than was the case with the proposal to merge the Lincoln Central and Armstrong–Ringsted districts.

Finally, we reject the attempt by Armstrong–Ringsted to predicate reversal of the area education agency's denial of their petition on the agency's subsequent action in approving the proposed merger of the Lincoln Central and Estherville districts while this judicial review was still pending.

The only relevancy of these subsequent events to the issue before the court was with respect to the area education agency's affirmative defense that final approval of the reorganization plan between the Lincoln Central district and the Estherville district by the voters rendered the legal appeal in the petition to merge the Lincoln Central and Armstrong–Ringsted districts moot. Because the district court upheld the area education agency's denial of that merger proposal on the merits, it felt that it was unnecessary to consider this affirmative defense. We agree with that conclusion.

We have considered all issues presented and conclude that the judgment of the district court should be affirmed.

**AFFIRMED.**