602 N.W.2d 358 (1999)
STATE of Iowa ex rel. Clara VALEN, Dennis Valen, Orin Aanonson, Sharon Aanonson, William Bryan, Mildred Bryan, Donald Bryan, Arlis Heinrichs, Ronald Heinrichs, Betty Iverson, Gerald Shilvock, Sue Shilvock, Merle Wilson, and Melba Wilson, Appellants,
v.
ESTHERVILLE LINCOLN CENTRAL COMMUNITY SCHOOL DISTRICT and Gary Feddern, Tom Fuhrman, Deb Gosch, Mike Hamilton, Paul Moffitt, Karen Moreau, and Arlen Tirevold, Appellees,
Lakeland Area Education Agency, Intervenor-Appellee.
No. 98-353.
Supreme Court of Iowa.
November 17, 1999.
Rustin T. Davenport of De Vries, Price & Davenport, Mason City, for appellants.
William B. Ridout of Sanderson & Ridout, Estherville, for appellees.
Rick Engel, Des Moines, for intervenor-appellee.
Considered by McGIVERIN, C.J., and LARSON, CARTER, CADY, and ANDREASEN,[*] JJ.
CARTER, Justice.
The plaintiff-relators in this quo warranto action are citizens residing in the merged Estherville-Lincoln Central Community School District. They seek a judgment that the reorganization of the merged Estherville-Lincoln Central district, as approved by the Lakeland Area Education Agency, was unlawful. They appeal from the district court's judgment denying that relief. The appellees are the merged Estherville-Lincoln Central Community School District, its board of directors, and the area education agency that approved the reorganized district. After reviewing the record and considering the arguments presented, we affirm the judgment of the district court.
The citizen-relators urge that the area education agency acted illegally and beyond its jurisdiction in approving the Estherville-Lincoln Central reorganization while an appeal to the district court (and ultimately to this court) was pending in another reorganization matter involving the Lincoln Central School District. The relevant chronology is as follows. A petition proposing the merger of the Estherville *359 and Lincoln Central Community School Districts was filed in 1992. Although approved by the area education agency, that petition did not receive the voters' approval at the subsequent election. In 1995 the Lincoln Central School District proposed to merge with the Armstrong-Ringsted School District. While that petition was pending before the area education agency, another petition proposing an Estherville and Lincoln Central merger was filed with that agency. The area education agency proceeded to hold a hearing on the proposed Armstrong-Ringsted-Lincoln Central merger and, following that hearing, dismissed the petition as not being in the public interest. Both the Armstrong-Ringsted and Lincoln Central districts appealed that decision to the district court.
The area education agency ultimately dismissed the second Estherville-Lincoln Central merger petition because of a lack of signatures. A third petition for an Estherville-Lincoln Central merger was filed after the area education agency had dismissed the proposed Armstrong-Ringsted-Lincoln Central merger but while that matter was pending on appeal in the district court. While the appeal was pending in the district court, the area education agency approved the latest Estherville-Lincoln Central merger petition on May 6, 1996. On July 9, 1996, the proposal was approved by the voters in both districts.
The area education agency's decision denying the Armstrong-Ringsted-Lincoln Central merger was upheld by the district court in January 1997. Prior to that ruling, the Lincoln Central district had withdrawn from the litigation. The district court's ruling was appealed to this court by the Armstrong-Ringsted School District. We affirmed the district court's decision in February 1999. See Armstrong-Ringsted Community Sch. Dist. v. Lakeland Area Educ. Agency, 597 N.W.2d 776 (Iowa 1999).
The legal contention of the relators is that the same geographical area cannot be made subject to two pending reorganization proceedings at the same time. In support of this proposition, it relies on language in State ex rel. Harberts v. Klemme Community School District, 247 Iowa 48, 51, 72 N.W.2d 512, 514 (1955), that indicates
[i]t is elementary that the same land cannot be within the jurisdiction of two pending reorganization proceedings at the same time.
This conclusion from the Klemme decision was in regard to separate reorganization proceedings involving the same geographical area pending before the county boards of two different counties. This was also the factual situation in the cases of Castana Community School District v. State Board of Public Instruction, 261 Iowa 596, 601, 155 N.W.2d 522, 526 (1968), and Burd v. Board of Education, 260 Iowa 846, 851, 151 N.W.2d 457, 461 (1967), upon which the relators also rely.
When the Klemme, Castana, and Burd cases were decided, jurisdiction to pass upon reorganization petitions rested in county boards of education or the joint county boards of two affected counties. The limitation denying concurrent jurisdiction was designed to establish a bright line rule favoring the application that was first in time. See Sheridan Rural Indep. Sch. Dist. v. Guernsey Consol. Sch. Dist., 251 Iowa 460, 464, 100 N.W.2d 418, 420 (1960) (attempt by the board before which the first petition filed was pending to exercise jurisdiction over the overlapping territory is in excess of its authority). It was recognized, however, that these principles had no application to situations in which two petitions involving the same geographical area had been filed with the same county board of education. State ex rel. Schilling v. Community Sch. Dist. of Jefferson, 252 Iowa 491, 497, 106 N.W.2d 80, 85 (1960); Archer v. Fremont County Bd. of Educ., 251 Iowa 1077, 1084, 104 N.W.2d 621, 625-26 (1960). In that situation, this court *360 stated, "[i]t seems clear the legislature intended there should be no limitation upon the right of a single district to proceed with reorganization without regard to pending appeals." Schilling, 252 Iowa at 497, 106 N.W.2d at 85.
Under the present statutory scheme, requests for school reorganizations are considered by area education agencies. In the present case, the same agency was involved in the consideration of the Armstrong-Ringsted-Lincoln Central reorganization proposal and the Estherville-Lincoln Central reorganization proposal. There is no statutory prohibition against the same area education agency considering a newly filed reorganization petition after denying a different reorganization proposal that had included some of the same territory. Based on the principles applied in the Schilling and Archer cases, we are convinced that the appeal of the agency's action on the Armstrong-Ringsted reorganization proposal did not preclude the area education agency from proceeding forward with the proposed reorganization of the Estherville and Lincoln Central School Districts.
The relators also attempt to sustain their attack on the Estherville-Lincoln Central reorganization on equitable grounds. All of their equitable arguments are premised on an alleged illegality of the area education agency's action. Because we have found that the agency's actions were taken according to law, relators' arguments must fail. We have considered all arguments presented and conclude that the judgment of the district court should be affirmed.
AFFIRMED.
NOTES
[*] Senior judge assigned by order pursuant to Iowa Code section 602.9206 (1999).